# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| JOHN THOMAS BIASO, | :: | PRISONER CIVIL RIGHTS |
| a/k/a Phillip Edward Repp, | :: | 42 U.S.C. § 1983 |
| GDC No. 1278520, | :: | |
|     Plaintiff, | :: | |
| | :: | |
|     v. | :: | |
| | :: | |
| JACK KOON, Warden; et al., | :: | CIVIL ACTION NO. |
|     Defendants. | :: | 1:11-CV-0606-TWT-RGV |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

Attached is the report and recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72. Let the same be filed and a copy, with a copy of this order, be served upon plaintiff.

Plaintiff may file written objections, if any, to the report and recommendation within fourteen (14) days of receipt of this order. 28 U.S.C. § 636(b)(1). Should objections be filed, they shall specify with particularity the alleged error(s) made. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appeal of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir. 1983).

AO 72A
(Rev.8/82)

The Clerk is **DIRECTED** to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED** this 14th day of June, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| JOHN THOMAS BIASO, | :: | PRISONER CIVIL RIGHTS |
| a/k/a Phillip Edward Repp, | :: | 42 U.S.C. § 1983 |
| GDC No. 1278520, | :: | |
|     Plaintiff, | :: | |
| | :: | |
|     v. | :: | |
| | :: | |
| JACK KOON, Warden; et al., | :: | CIVIL ACTION NO. |
|     Defendants. | :: | 1:11-CV-0606-TWT-RGV |

**FINAL REPORT AND RECOMMENDATION**

Plaintiff John Thomas Biaso, also known as Phillip Edward Repp, presently confined in the Coastal State Prison ("CSP") in Garden City, Georgia, previously was granted in forma pauperis status in this pro se civil rights action. [Doc. 6]. The matter is now before the undersigned Magistrate Judge for screening of the amended complaint, [Doc. 4],[1] under 28 U.S.C. § 1915A. For the reasons stated below, the undersigned **RECOMMENDS** that this action be **DISMISSED**.

**I. LEGAL STANDARDS**

Plaintiff brings this civil rights action against the defendants under 42 U.S.C. § 1983 ("§ 1983"). Federal courts are required to screen "as soon as practicable" a

---

[1] The amended complaint replaces and supercedes the original complaint. (Doc. 2 at 1).

prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

To state a claim for relief under § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action" (citations omitted)); see also Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1951-53 (2009) (holding that Twombly "expounded the pleading standard for 'all civil actions,'" to wit, conclusory allegations

2

that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "'across the line from conceivable to plausible'" (citations omitted)); Papasan v. Allain, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (court is "not permitted to read into the complaint facts that are not there").

## II. DISCUSSION

Plaintiff brings this action against the Georgia Department of Corrections ("GDC") Commissioner Brian Owens, Medical Director Joseph Paris, M.D., and CSP Warden Jack Koon, as well as Sheriff Blake Dorning, jail physician Author Williams, and Officer Robin Baker of Madison County, Alabama.[2] [Doc. 4 at 1, 3]. Plaintiff's claims largely concern his confinement in Alabama between October 28, 2006, and December of 2007. [Id. ¶ IV]. Plaintiff also alleges that his Georgia confinement began on December 10, 2007, and on May 22, 2008, he learned that he had contracted

---

[2] Plaintiff also lists attorney Roy Wesley Miller of Huntsville, Alabama, as a defendant in the caption of the amended complaint, but there are no allegations concerning Miller in the body of the amended complaint. [Doc. 4].

3

hepatitis, for which he has not received treatment. [Id.]. Plaintiff further states that he requested a copy of GDC operating procedures concerning chronic care and that Warden Koon "said he would inquire about it," but "no one has responded." [Id.]. Finally, plaintiff alleges that he was fired from his job in the prison library on March 22, 2011, in retaliation for the lawsuits he has filed. [Id.]. Plaintiff seeks monetary relief. [Id. ¶ V].

Plaintiff's claims against Commissioner Owens and Medical Director Paris are premised upon a theory of respondeat superior, which is an insufficient basis for § 1983 liability. See Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Accordingly, those defendants are due to be dismissed from this action.

Plaintiff initially submitted this civil action on February 22, 2011.[3] [Doc. 1 at 5]. A two-year statute of limitations applies to § 1983 actions filed in a Georgia district court. Mullinax v. McElhenney, 817 F.2d 711, 715-16 (11th Cir. 1987). Accordingly, plaintiff's claims concerning events that occurred during his confinement in Alabama between October 28, 2006, and December of 2007 are untimely and

---

[3] A pro se prisoner's § 1983 complaint is deemed filed on the date it is delivered to prison officials for mailing. Garvey v. Vaughn, 993 F.2d 776, 780-83 (11th Cir. 1993). Generally, the courts assume that a prisoner's complaint is delivered for mailing on the day it is signed. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

4

subject to dismissal, as are any claims regarding conduct that occurred during his confinement at CSP prior to February 22, 2009. See Clark v. State of Ga. Pardons and Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."); White v. Padgett, 475 F.2d 79, 82 (5th Cir. 1973) (When the expiration of the limitations period "clearly appears on the face of the complaint," the action is subject to dismissal for failure to state a claim.).

To the extent that plaintiff's claims concerning inadequate medical treatment and retaliation at CSP are timely, he has failed to identify any individual defendants responsible for the alleged deprivations. See Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.") (citation omitted). Additionally, plaintiff's complaint that Warden Koon has failed to provide him a copy of the GDC's operating procedures concerning chronic care does not state a constitutional claim and is due to be dismissed. See Hale, 50 F.3d at 1582 (to state a claim under § 1983, the defendant's conduct must have deprived plaintiff of a right, privilege, or immunity secured by the Constitution). While plaintiff conceivably could state claims against individual CSP officials for denying him medical treatment for his hepatitis and firing him from his

5

job in the prison library in retaliation for filing lawsuits, he has not named any such individuals as defendants in this action, and in any event, venue would not lie in the Northern District of Georgia for these claims. Finally, plaintiff has failed to state any claims against attorney Miller who is simply listed as a defendant in the caption of the amended complaint. Because plaintiff has failed to state a viable claim under § 1983 against any named defendant, the undersigned recommends that this action be dismissed without prejudice for failure to state a claim.

### III.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that this pro se civil rights action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A.

**IT IS SO RECOMMENDED** this 14th day of June, 2011.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

6